Argued 28 March; decided 10 April, 1899.

LITTLE <i>v.</i> <b>PHERSON.</b>

[56 Pac. 807.]

1. PUBLIC LANDS — BOUNDARY OF SURVEY.—Where a government surveyor omits to include in his survey large tracts of land lying between the meander line and the streams or bodies of water meandered, the patents for the adjoining lots, though referring to the official plat of the survey, are grants merely of the premises limited by such meander line, and do not convey title clear to the water's edge: *Barnhart* v. *Ehrhart*, 33 Or. 274, followed.

2. SUFFICIENCY OF COMPLAINT IN EJECTMENT.—A complaint to recover possession of a tract lying between the supposed meander line of a lake and the waters thereof, showing that such tract is sufficient in area for the extension of the government surveys over it, but not alleging that plaintiff is the owner and entitled to the possession thereof, except as owner of the upland abutting thereon, fails to sufficiently set forth the nature of plaintiff's estate in the land sued for.

From Lake :    W. C. HALE, Judge.

In 1896 Thomas C. Little filed a complaint against William Pherson, alleging "that he is, and for more than four years last past has been, the owner in fee simple,

and is entitled to the immediate and exclusive possession, of all the following described real estate in Lake County, Oregon, to wit: Lot numbered four (4) in section twenty-two (22), lots numbered one (1) and two (2) in section twenty-seven (27), and lot numbered one (1), and the northeast quarter ($\frac{1}{4}$) of the northeast quarter ($\frac{1}{4}$) of section twenty-eight (28), all in township numbered forty (40) south, range nineteen (19) east, Willamette Meridian; that said land, as above described, lies adjacent to, and abuts upon, the meander line of Goose Lake, as the same was surveyed and located by the United States surveys made and established in 1872; that there is a tract of land lying next to said meander line, and between it and the waters of said lake, immediately opposite said above-described land, which said last-mentioned land is more particularly designated and described by United States surveys thereof made in 1889, as follows, to wit: Lots numbered three (3), four (4), and six (6) of section twenty-seven (27), township forty (40) south, range nineteen (19) east of the Willamette Meridian; that all the land included within said last description lies directly in front of the land first herein described, and between that and the waters of said lake; that the plaintiff, by virtue of his ownership of the land herein described, is also the owner in fee simple, and for four years last past has been such owner, of all the land last above described, and is entitled to the immediate and exclusive possession of the whole thereof; that the defendant has been for three years past, and is now, in the actual possession of all of such land so lying in front of said land first above described, and between that and the waters of the said Goose Lake, which said land so in the possession of the said defendant is that herein described as lots three (3), four (4), and six (6) of section twenty-seven (27), aforesaid; and said defendant

wrongfully and unlawfully withholds the same from this plaintiff, and has continued to do so for the three years last past, and wrongfully and unlawfully denies plaintiff's right to the possession of the same or any part thereof.'' To this complaint the defendant demurred, because it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, the plaintiff refusing to amend or plead further, the action was dismissed, and a judgment rendered against him for costs and disbursements, from which he appeals.

AFFIRMED.

For appellant there was a brief over the names of *Lionel R. Webster* and *Chas. A. Moore*, with an oral argument by *Mr. Moore.*

For respondent there was a brief over the names of *Chas. A. Cogswell* and *W. A. Wilshire*, with an oral argument by *Mr. Cogswell.*

MR. JUSTICE BEAN, after making the foregoing statement of the facts, delivered the opinion of the court.

1. This is an action to recover possession of a tract of land lying between the supposed meander line of Goose Lake, as surveyed and established in 1872, and the waters thereof. The plaintiff does not allege that he is the owner or entitled to the possession of such land, except by virtue of his ownership of the upland abutting on the meander line as then established. He seeks to invoke the rule that, where a navigable stream or body of water is meandered in making the public surveys, the stream or body of water, and not the meander line, is the true boundary of the riparian owner. This is unquestionably the general rule ; but, as said by Mr. Chief Justice MOORE in *Barnhart* v. *Ehrhart*, 33 Or. 274

(54 Pac. 197), when, for any reason, the surveyor omits to include large tracts of land lying between the meander line as surveyed or as pretended to have been run upon the ground and such streams or bodies of water, the patents for the lots, though referring to the official plat of such survey for identification, are not equivalent to a conveyance of the premises to such navigable stream, lake or bay, but are grants limited by such meander line. Now, in view of this doctrine, it is quite apparent that the complaint does not state a cause of action. It shows on its face that there is a tract of land between the meander line as first located and the waters of the lake sufficient in area for the Government of the United States to extend the public surveys over it. And it does not follow, as an inevitable conclusion of law, that the plaintiff is the owner of such tract by virtue of his ownership of the land bordering on the so-called "meander line."

2. The statute provides that, in an action to recover real property, the plaintiff in his complaint shall set forth the nature of his estate therein. This the plaintiff has not done in the manner contemplated by the statute. The question of the riparian rights of the owners of land bordering upon the meander line of Goose Lake is too important to be determined upon the allegations of a complaint as indefinite and uncertain as the one in hand. It would have been a very simple matter for the plaintiff to have alleged that he is the owner and entitled to the possession of the land sought to be recovered, and thus tendered an issue of title which could have been intelligently determined upon evidence disclosing the true condition of affairs. The judgment of the court below is affirmed.          AFFIRMED.